# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| SHERIKA WILLIAMS | CIVIL ACTION NO. 16-1586 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| CODY SMIDDY, ET AL | MAGISTRATE JUDGE KAREN HORNSBY |

## MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Record Document 20] filed by the Defendants, Cody Smiddy, TruCore Energy, LLC, and State National Insurance Company, which prays for this Court to dismiss Plaintiff's claims with prejudice and at her cost. Plaintiff has opposed the motion. Record Document 23. Upon consideration of the briefs filed by the parties and for the reasons stated below, Defendants' Motion for Summary Judgement is **DENIED**.

## BACKGROUND

Plaintiff, Sherika Williams ("Williams"), filed this personal injury suit on August 22, 2016, in the Louisiana First Judicial District Court in Caddo Parish. In her petition, Williams alleged that she suffered injuries arising out of a motor vehicle accident that occurred on March 12, 2016, when a vehicle in which she was a passenger was struck by a truck driven by Defendant, Cody Smiddy ("Smiddy"). Record Document 1-2. At the time, Smiddy was acting in the course and scope of his employment with Defendant, TruCore Energy, LLC ("TruCore"). Id.; Record Document 14-3, p. 1. Williams brought her suit against Smiddy, TruCore, and TruCore's insurer, State National Insurance Company. The suit was removed

to federal court on November 16, 2016.

On April 13, 2016, after the accident occurred but before filing this personal injury suit, Williams filed for bankruptcy in the United States Bankruptcy Court in the District of Nevada. The claim which gives rise to the present suit was not included as a financial asset on the "Schedule A/B: Property" form filed in the bankruptcy action.[1] On July 19, 2016, the bankruptcy court confirmed Williams' Chapter 7 bankruptcy and an order of discharge was issued. Record Document 20-2. It appears that, in response to the filing of this personal injury suit, the bankruptcy case was re-opened in January 2017 for the purpose of administering assets. Record Document 23-2, 23-3. On March 16, 2017, the bankruptcy court issued an order allowing the law firm of Dudley DeBosier to represent the bankruptcy estate in the present suit. Record Document 20-3. The order was docketed in this case as Plaintiff's proof of authority to pursue this personal injury claim on behalf of the bankruptcy estate. Record Document 18. Defendants then filed this motion for summary judgment, arguing that Plaintiff's claims should be dismissed.

## **STANDARD**

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

---

[1] Specifically, the parties reference Item 33 of this form, which asks, "Do you own or have any legal or equitable interest in any of the following? . . . . 33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment." Record Document 20-1, p. 3, 7. Williams marked the box indicating a "No" response.

the movant is entitled to judgment as a matter of law."[2] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See Celotex, 477 U.S. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co.,

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. Little, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## **LAW AND ANALYSIS**

In their motion, Defendants argue that judicial estoppel should operate to bar Plaintiff's claim due to her failure to list the claim on her bankruptcy petition and filings. Judicial estoppel is a common law doctrine that prevents a litigant from assuming inconsistent positions for self-interest. In re Superior Crewboats, Inc., 374 F.3d 330, 334 (5th Cir. 2004). "It is 'an equitable doctrine invoked by a court at its discretion' to 'protect the integrity of the judicial process.'" Reed v. City of Arlington, 650 F.3d 571, 574 (5th Cir. 2011) (quoting New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001)). The doctrine "must be applied in such a way as to deter dishonest debtors, whose failure to fully and

honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate." Reed, 650 F.3d at 574. In assessing whether judicial estoppel should apply, this Court must find that three elements are satisfied: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." Id. Despite these elements, the Fifth Circuit has noted that "judicial estoppel is not governed by 'inflexible prerequisites or an exhaustive formula for determining [its] applicability,' and numerous considerations 'may inform the doctrine's application in specific factual contexts.'" Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir. 2012) (quoting New Hampshire v. Maine, 532 U.S. at 751).

### A. Application of the Estoppel Elements

First, Plaintiff has asserted a legal position that is inconsistent with her earlier position. In her bankruptcy proceedings, she did not disclose her pending claim even though the accident giving rise to the claim had already occurred. She had a duty to disclose the claim, but did not, and in failing to do so, she essentially made a representation that no claim existed. See In re Superior Crewboats, Inc., 374 F.3d at 335. Now, she asserts the claim in this suit. Thus, her position is inconsistent and the first element is satisfied.

Next, the bankruptcy court accepted Plaintiff's prior position when it issued an order of discharge. See Alexander v. C.R. Bard, Inc., No. 3:12-CV-5187-O, 2014 WL 12602871,

at *3 (N.D. Tex. Feb. 26, 2014) (collecting cases). Thus, the second element is also satisfied.

As to the third element, a debtor's failure to satisfy her disclosure duty is "inadvertent" when the debtor "either lacks knowledge of the undisclosed claims or has no motive for their concealment." Love, 677 F.3d at 262 (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999)). A lack of awareness of the duty to disclose a legal claim is not the relevant inquiry; rather, Plaintiff must show she was unaware of facts giving rise to her claim. See Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 601 (5th Cir. 2005); Alexander, 2014 WL 12602871, at *4.

Plaintiff claims that she disclosed the personal injury claim to her attorneys in the bankruptcy action, and was advised that the issue would be properly addressed. It was not until this suit was filed that she discovered that the claim was not reflected in her bankruptcy filings. She submits an affidavit to this effect. Record Document 23-6. Plaintiff's explanation does not establish inadvertence as it has been defined by the Fifth Circuit. She has shown neither that she was unaware of the facts giving rise to her claim nor that she had no motive to conceal the claim. Moreover, the Fifth Circuit has rejected a similar argument. See In re Flugence, 738 F.3d 126, 130 (5th Cir. 2013) (finding a plaintiff's argument that she relied on the advice of her attorney in failing to disclose her claim as "unavailing"). Here, Plaintiff knew of the facts underlying her personal injury claim. Additionally, she had a motive to conceal because her claim, if disclosed, would be available to her creditors. See id. at 131; Love, 677 F.3d at 262. Thus, the third element

is satisfied.

## B. Estoppel as an Equitable Doctrine

Notwithstanding that all elements of judicial estoppel are met, this Court retains discretion in application of the doctrine. See Reed, 650 F.3d at 576 ("Because judicial estoppel is an equitable doctrine, courts may apply it flexibly to achieve substantial justice."). Here, the Court believes that, at this juncture, dismissal is an overly harsh remedy that would not properly account for the interest of Williams' creditors. See Wieburg v. GTE Sw. Inc., 272 F.3d 302, 309 (5th Cir. 2001); see also Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 387 (5th Cir. 2008).

The Court finds the case of Kane v. National Union Fire Insurance Co., instructive. In Kane, the Fifth Circuit reversed a district court's finding that judicial estoppel applied as a matter of law in a case involving a similar set of facts. As a preliminary matter to the estoppel issue, the Court explained:

> Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition. Thus, a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed.

Kane, 535 F.3d at 385 (internal citations omitted); see also Wieburg, 272 F.3d at 306. Accordingly, setting the estoppel issue aside, the Court would note that Plaintiff does not appear to be the proper party to bring this suit.

Not long after removal, Plaintiff's right to pursue this action was questioned by the

Magistrate Judge. Record Document 10. In response, Plaintiff filed an order from the bankruptcy court that authorized the law firm representing her in this action, Dudley DeBosier, to act as special counsel for the estate. Record Document 18. A status conference was set, but then canceled in response to Defendants' motion for summary judgment. No further action was taken.

In this case, it is clear that the trustee, as the representative of the bankruptcy estate, is the proper party to prosecute this claim. There is evidence that the trustee intends to pursue the claim on behalf of the estate, and, "absent unusual circumstances, an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy." Reed, 650 F.3d at 573. As noted above, the Nevada bankruptcy trustee obtained an order in the Nevada proceedings allowing the hiring of special counsel to represent the trustee in this action. Record Document 20-3. Therefore, the Court will allow the real party in interest an opportunity to pursue this action.

Federal Rule of Civil Procedure 17(a)(1) provides, in part, "An action must be prosecuted in the name of the real party in interest." Accordingly, the Court will allow until **Monday, November 27, 2017**, for substitution of the proper party. If action is not taken on or before that date, the Court will dismiss Plaintiff's claims with prejudice.

Thus, summary judgment is **DENIED** at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **DENIED.**

**THUS DONE AND SIGNED** this 26th day of October, 2017, in Shreveport, Louisiana.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE